# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States v. Jennifer Delossantos*
Case No. 3:18-cr-00059-TMB-3

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Jennifer Delossantos's Motion for Early Termination of Supervision (the "Motion").[1] The United States did not file an Opposition.[2] The United States Probation Office ("USPO") is "in agreement with early termination," having confirmed Delossantos's "compliance with her supervised release and is in favor of early termination."[3] The matter is now ripe for resolution. For the reasons discussed below, the Motion is **GRANTED**.

On July 2, 2019, the Court sentenced Delossantos to the mandatory minimum of 60 months of incarceration, to be followed by three years of supervised release, for one count of Use of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).[4] While incarcerated, Delossantos completed educational, rehabilitative, and vocational courses.[5] Upon release, she transferred to a halfway house and has transitioned back to life in the community.[6] In September 2021, she began her current employment at Victoria's Secret, where she has been promoted to a manager position.[7]

Delossantos now moves for early termination of her supervised release based on her continued compliance with supervision conditions and her continued standing as "a productive member of society."[8] She seeks to "contribute to a more secure future for her family" as she "is a single mother of three children as well as the legal guardian for her teenage nephew."[9] To that end, she intends to move to Nevada to pursue employment opportunities, to further her education in her chosen

---

[1] Dkt. 253 (Motion for Early Termination of Probation/Supervised Release).
[2] *See* Dkt. (absence). "The failure to respond to a non-dispositive motion . . . may be deemed an admission that the motion is well taken." L. Civ. R. 7.1(h) ("The District of Alaska Local Civil Rules . . . also apply to criminal proceedings, to the extent not inconsistent with these rules." L. Crim. R. 1.1(b)).
[3] Dkt. 253 at 2–3.
[4] Dkt. 155 (Judgment).
[5] Dkt. 168–2 (BOP Program Review).
[6] Dkt. 253 at 2.
[7] *Id.*
[8] *Id.*
[9] *Id.*

field at the Euphoria Institute of Beauty Arts & Sciences, and to be near close family.[10] She argues that continued supervision would complicate these goals and has "hindered her ability to relocate."[11] Further, she avers that USPO "confirms [her] compliance with her supervised release and is in favor of early termination" of her supervised release term.[12]

The Court must consider certain factors set forth in 18 U.S.C. § 3553(a) before terminating a defendant's supervised release.[13] Those factors include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines."[14] Additionally, the Court must follow Federal Rule of Criminal Procedure 32.1 and consider whether "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice."[15] "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term of condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [§] 3553(a)."[16]

Having reviewed the briefing in this matter, the Court concludes that early termination of Delossantos's supervised release is warranted. Given Delossantos's compliance with her release conditions, including her consistent employment, her demonstrated commitment to providing her family a secure future, and her goals to build a supportive and stable environment for her family in Nevada, and considering USPO's support for her early termination, the Court determines that early termination of her supervised release is appropriate.

Accordingly, the Court GRANTS the Motion at Docket 253. FURTHER, it is hereby ORDERED that Delossantos's term of supervised release is terminated effective the date of this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE:     February 15, 2024.

---

[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] 18 U.S.C. § 3583(e)(1) (citing § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).
[14] *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).
[15] 18 U.S.C. § 3583(e)(1).
[16] *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1100–01 (9th Cir. 2000) (quoting *Lussier* "in keeping with the penological objectives and policies of § 3553(a).").